**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GLEN ELLYN PHARMACY, INC.,<br>on behalf of plaintiff and<br>the class members defined herein, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | 17-CV-188 |
| | ) | |
| v. | ) | |
| | ) | |
| INDEPENDENT PHARMACEUTICAL, LLC,<br>and JOHN DOES 1-10, | ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1.      Plaintiff Glen Ellyn Pharmacy, Inc.,  brings this action to secure redress for the actions of defendant Independent Pharmaceutical, LLC ("Defendant"), in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"),  the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.      The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the use of its fax machine.  The recipient also wastes valuable time it would have spent on something else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3.      Plaintiff Glen Ellyn Pharmacy, Inc., is an Illinois corporation with offices in Glen Ellyn, Illinois, where it maintains telephone facsimile equipment.

4.      Independent Pharmaceutical, LLC is an Ohio limited liability company with principal offices at 854 East Crescentville Road, West Chester, Ohio 45246. Its registered agent and office are Northwest Registered Agent, LLC, 6545 Market Avenue N. Suite 100, North Canton, OH 44721.

5.      John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.   *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012);  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446  (7th Cir. 2005).

7.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that Defendants:

   a.      Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b.      Have transacted business in Illinois.

8.       Venue in this District is proper for the same reason.

## FACTS

9.      On April 6, 2016, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

2

10.     On June 4, 2016, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit B on its facsimile machine.

11.     On July 8, 2016, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit C on its facsimile machine.

12.     On August 4, 2016, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit D on its facsimile machine.

13.     On October 7, 2016, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit E on its facsimile machine.

14.     On November 5, 2016, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit F on its facsimile machine.

15.     On December 6, 2016, Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit G on its facsimile machine.

16.     Discovery may reveal the transmission of additional faxes as well.

17.     Defendant is responsible for sending or causing the sending of the fax.

18.     Defendant, as the entity who products or services were advertised  in the fax, derived economic benefit from the sending of the fax.

19.     Defendant either negligently or wilfully violated the rights of plaintiff and other recipients in sending the faxes.

20.     Plaintiff had no prior relationship with Defendant and had not authorized the sending of fax advertisements to plaintiff.

21.     On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

3

22.     On information and belief, Defendant have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

23.     There is no reasonable means for plaintiff or other recipients of Defendant's unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

24.     Plaintiff incorporates ¶¶ 1-23.

25.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

26.     The TCPA,  47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

27.     Plaintiff and each class member suffered damages as a result of receipt of the

4

unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

28.     Plaintiff and each class member is entitled to statutory damages.

29.     Defendant violated the TCPA even if its actions were only negligent.

30.     Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

31.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by the Defendant, promoting its goods or services for sale.

32.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

33.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a.     Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

    b.     The manner in which Defendant compiled or obtained its list of fax numbers;

    c.     Whether Defendant thereby violated the TCPA;

34.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business

practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

35. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

36. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

37. Numerous courts have certified class actions under the TCPA. *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC,* 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d

844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010).

38.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

        WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against Defendant for:

a.     Actual damages;

b.     Statutory damages;

c.     An injunction against the further transmission of unsolicited fax advertising;

d.     Costs of suit;

e.     Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

39.     Plaintiff incorporates ¶¶ 1-23.

40.     Defendant engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

41.     Unsolicited fax advertising is contrary to the TCPA and also Illinois law.  720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

42.     Defendant engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

43.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

44.    Defendant engaged in such conduct in the course of trade and commerce.

45.    Defendant's conduct caused recipients of their advertising to bear the cost thereof. This gave Defendant an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail.  For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting.  The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink.  "Receiving a junk fax is like  getting junk mail with the postage due".   Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

46.    Defendant's shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair.  In addition, Defendant's conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

47.    Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

48.    Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date three years prior to the filing of this action, (c) were sent faxes by the Defendant, promoting its goods or services for sale.

49.    The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

8

50. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

      a. Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

      b. Whether Defendant thereby engaged in unfair acts and practices, in violation of the ICFA.

51. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

52. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

53. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because it is not economically feasible to bring individual actions.

54. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

      WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against Defendant for:

      a. Appropriate damages;

      b.      An injunction against the further transmission of unsolicited fax advertising;

      c.      Attorney's fees, litigation expenses and costs of suit;

      d.      Such other or further relief as the Court deems just and proper.

<u>COUNT III – CONVERSION</u>

55.      Plaintiff incorporates ¶¶ 1-23.

56.      By sending plaintiff and the class members unsolicited faxes, Defendant converted to their own use ink or toner and paper belonging to plaintiff and the class members.

57.      Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

58.      By sending the unsolicited faxes, Defendant appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

59.      Defendant knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

60.      Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

61.      Defendant should be enjoined from committing similar violations in the future.

<u>CLASS ALLEGATIONS</u>

62.      Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of

10

a class, consisting of (a) all persons (b) who, on or after a date five years prior to the filing of this action, (c) were sent faxes by the Defendant, promoting its goods or services for sale.

63.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

64.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

        a.     Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

        b.     Whether Defendant thereby converted the property of plaintiff.

65.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

66.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

67.     A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because it is not economically feasible to bring individual actions.

68.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

11

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against Defendant for:

        a.      Appropriate damages;

        b.      An injunction against the further transmission of unsolicited fax advertising;

        c.      Costs of suit;

        d.      Such other or further relief as the Court deems just and proper.

## COUNT IV – PRIVATE NUISANCE

69.     Plaintiff incorporates ¶¶ 1-23.

70.     Defendant's sending plaintiff and the class members unsolicited faxes was an unreasonable invasion of the property of plaintiff and the class members and constitutes a private nuisance.

71.     Congress determined, in enacting the TCPA, that the prohibited conduct was a "nuisance." *Universal Underwriters Ins. Co. v. Lou Fusz Automotive Network, Inc.*, 401 F.3d 876, 882 (8th Cir. 2005).

72.     Defendant acted either intentionally or negligently in creating the nuisance.

73.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes.

74.     Defendant should be enjoined from continuing its nuisance.

## CLASS ALLEGATIONS

75.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons, (b) who, on or after a date five years prior to the filing of

this action, (c) were sent faxes by the Defendant, promoting its goods or services for sale.

76.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

77.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

> a.     Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;
>
> b.     Whether Defendant thereby created a private nuisance.

78.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

79.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

80.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because it is not economically feasible to bring individual actions.

81.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

        WHEREFORE, plaintiff requests that the Court enter judgment in favor of

13

plaintiff and the class and against Defendant for:

   a.  Appropriate damages;

   b.  An injunction against the further transmission of unsolicited fax

      advertising;

   c.  Costs of suit;

   d.  Such other or further relief as the Court deems just and proper.

## COUNT V – TRESPASS TO CHATTELS

82. Plaintiff incorporates ¶¶ 1-23.

83. Plaintiff and the class members were entitled to possession of the equipment they used to receive faxes.

84. Defendant's sending plaintiff and the class members unsolicited faxes interfered with their use of the receiving equipment and constitutes a trespass to such equipment. *Chair King v. Houston Cellular*, 95cv1066, 1995 WL 1693093 at *2 (S.D. Tex. Nov. 7, 1995) (denying a motion to dismiss with respect to plaintiff's trespass to chattels claim for unsolicited faxes), vacated on jurisdictional grounds 131 F.3d 507 (5th Cir. 1997).

85. Defendant acted either intentionally or negligently in engaging in such conduct.

86. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes.

87. Defendant should be enjoined from continuing trespasses.

## CLASS ALLEGATIONS

88. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons, (b) who, on or after a date five years prior to the filing of

this action,  (c) were sent faxes by the Defendant, promoting its goods or services for sale.

89.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

90.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

      a.      Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

      b.      Whether Defendant thereby committed a trespass to chattels.

91.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

92.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

93.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because it is not economically feasible to bring individual actions.

94.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

      WHEREFORE, plaintiff requests that the Court enter judgment in favor of

15

plaintiff and the class and against Defendant for:

       a.      Appropriate damages;

       b.      An injunction against the further transmission of unsolicited fax

                advertising;

       c.      Costs of suit;

       d.      Such other or further relief as the Court deems just and proper.


              /s/ Daniel A. Edelman
              Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


<u>/s/ Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
       & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)


T:\32833\Pleading\Complaint_Pleading.WPD