IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
(Eastern Division)

| | |
|---|---|
| GLEN ELLYN PHARMACY, INC. on behalf of plaintiff and the class members defined herein,<br><br>Plaintiff,<br><br>v.<br><br>INDEPENDENT PHARMACEUTICAL, LLC, and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No. 1:17-CV-00188<br><br>Honorable Judge Shah<br>Magistrate Judge Rowland<br><br><br>JURY TRIAL DEMANDED |

## INDEPENDENT PHARMACEUTICAL, LLC'S MOTION TO DISMISS

1. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Independent Pharmaceutical, LLC ("Independent Pharmaceutical") hereby moves to dismiss the claims of Plaintiff Glen Ellyn Pharmacy Inc. ("Glen Ellyn"). Fed. R. Civ. P. 12(b)(6); Dkt. 1, Compl., Jan. 10, 2017.

2. Pursuant to the Court's Standing Order on Motion Practice, prior to filing this Motion, counsel for Independent Pharmaceutical contacted counsel for Plaintiff, who as of the time of this filing had yet to respond. As this is a dispositive motion, Defendant presumes Plaintiff's opposition.

## BACKGROUND

3. This is a Telephone Consumer Protection Act, 47 USC § 227 ("TCPA"), case based on eight allegedly unsolicited advertisements sent by facsimile.

4. Defendant Independent Pharmaceutical is a wholesale pharmaceutical distributor based out of Cincinnati, Ohio. It sells primarily to independent pharmacies.

5. Glen Ellyn is a serial TCPA plaintiff. On information and belief, it has brought approximately fifty (50) TCPA lawsuits.

6. Glen Ellyn's entire Complaint is based on eight allegedly unsolicited facsimiles received from Independent Pharmaceutical. Compl. ¶¶ 9-15, Exs. A-G. Each fax on which Glen Ellyn relies contains the following opt-out notice:

> To request to [be] removed from further faxes or emails please call 888-258-5036, fax 844-668-8628, or email compliance@independentpharma.com with your request including your fax number or email address.

Dkt. 1-1, Compl. Exs. A-G.

7. Glen Ellyn never contacted Independent Pharmaceutical to request that it no longer receive faxes.

8. Based on the eight faxes at issue, Glen Ellyn brings five claims.

— Count 1 alleges violations of Section 227(b)(1)(C) of the TCPA, which prohibits the sending of unsolicited advertisements via a facsimile under certain circumstances, 47 USC § 227(b)(1)(C), Dkt. 1, Compl. ¶¶ 24-30;

— Count 2 alleges that Independent Pharmaceutical's sending of the allegedly unsolicited facsimiles constituted unfair acts and practices under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2; Dkt. 1, Compl. ¶¶ 39-47;

— Count 3 alleges a common law claim for conversion of ink, toner, and paper via the sending of the allegedly unsolicited faxes, Dkt. 1, Compl. ¶¶ 55-61;

— Count 4 alleges a claim for private nuisance based on allegedly unsolicited faxes constituting an unreasonable invasion of property, *id* at ¶¶ 69-74; and

— Count 5 alleges that the allegedly unsolicited faxes interfered with the plaintiff's use of its receiving equipment and thereby constituted a trespass to chattel, *id.* at ¶¶ 83-87.

9. Glen Ellyn alleges each claim on behalf of itself and "on information and belief" a class of at least 40 allegedly similarly situated persons in Illinois. Dkt. 1, Compl. ¶¶ 22, 31-38, 48-54, 62-68, 75-81, 88-94.

## ARGUMENT AND AUTHORITIES

### I. Summary of Grounds for Dismissal

10. Independent Pharmaceutical moves to dismiss Plaintiff's claims on the following grounds:

— The ICFA claim (Count 2) should be dismissed because the sending of eight allegedly unsolicited faxes does not constitute an "unfair act" under the statute and therefore does not state a claim;

— Plaintiff's common law claims for conversion and trespass to chattel (Counts 3 and 4) should be dismissed as Plaintiff has alleged only *de minimis* harm insufficient to state a proper claim for relief;

— Plaintiff's common law claims for private nuisance (Count 5) should be dismissed because the receipt of an unsolicited fax does not support such a claim under Illinois law and therefore does not state a claim for relief; and

— Plaintiff's TCPA claim (Count 1) should be dismissed because Plaintiff has failed to allege facts to support a plausible claim for relief regarding an alleged unsolicited facsimile within Section 227(b)(1)(C)'s scope.

### II. Rule 12(b)(6) Standards

11. "A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012).

12. To survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

13. A claim only satisfies this standard when the plaintiff pleads factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

14. "These factual allegations must be more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Olson v. Champaign Cnty.*, 784 F.3d 1093, 1099 (7th Cir. 2015) (citing *Iqbal*, 556 U.S. at 678).

15. "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678); *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

16. "With a 12(b)(6) motion, a court may only consider allegations in the complaint, documents attached to the complaint, and documents that are both referred to in the complaint and central to its claims." *Porter v. NBTY, Inc.*, No. 15 CV 11459, 2016 U.S. Dist. LEXIS 163352, at *3 (N.D. Ill. Nov. 28, 2016) (citing *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)).

### III. The ICFA Claim Should Be Dismissed Because the Sending of Eight Unsolicited Facsimiles Does Not Constitute an "Unfair Act"

17. To state a claim under the ICFA, a plaintiff must allege a deceptive or unfair act or practice by the defendant. *Helping Hand Caregivers, Ltd. v. Darden Rests., Inc.*, No. 14 CV 10127, 2015 U.S. Dist. LEXIS 63171, at *10, 2015 WL 2330197 (N.D. Ill. May 14, 2015).

18. Plaintiff's ICFA claim is not based on alleged deceptive acts, but instead, on alleged unfair acts. Specifically, Plaintiff alleges an unfair act as follows:

> Defendant engaged in unfair acts and practices . . . by sending unsolicited fax advertising to plaintiff and others. . . . Defendant engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

Dkt. 1, Compl. ¶¶ 40, 42.

19. Courts employ the 3 *Robinson* factors to assess whether an accused practice constitutes an actionable unfair act under ICFA:

> To determine whether an accused practice is unfair under the [ICFA], Illinois courts consider (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers. All three criteria do not need to be satisfied to support a finding of unfairness, but rather a practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three.

*Helping Hand Caregivers*, 2015 U.S. Dist. LEXIS 63171, at *10-11 (citing *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951 (Ill. 2002)).

20. Plaintiff's claims under the ICFA should be dismissed because the alleged sending of eight unsolicited faxes does not constitute an "unfair act" under the statute. *See e.g. Urban Elevator Serv., LLC v. Stryker Lubricant Distribs., Inc.*, No. 15 CV 2128, 2015 U.S. Dist. LEXIS 149682, at *7, 2015 WL 6736676 (N.D. Ill. 2015) (Shah, J.) (dismissing ICFA claim predicated on unsolicited fax transmission); *Helping Hand Caregivers, Ltd.*, 2015 U.S. Dist. LEXIS 63171, at *10 (Shah, J.) (same); *Mussat v. Power Liens, LLC*, No. 13-cv-7853, 2014 U.S. Dist. LEXIS 98831, * 9, 2014 WL 3610991 (N.D. Ill. 2014) (same); *Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*, 633 F. Supp. 2d 610, 617 (N.D. Ill. 2009) (same).

21. While courts acknowledge that the sending of unsolicited faxes may offend public policy, several courts, have concluded that the sending of an unsolicited fax fails to satisfy factors (2) and (3) of the *Robinson* factors. *Id.*

22. The sending of eight two-page faxes—which provides recipients with reasonable and rather unburdensome measures they may take to opt out of future faxes—cannot reasonably be considered "immoral, unethical, oppressive, or unscrupulous."

> The improper use of one piece of paper, a small amount of toner, and a few seconds of an employee's time is not oppressive conduct, nor does it fit within the definitions of any of the other terms. Rather, sending an unsolicited fax is more akin to taking someone else's pen and notebook without their permission and writing some notes on one sheet of paper. Even though the owner of the supplies did not have a choice in the matter, and even though the improper use depletes a small amount of ink and one piece of notebook paper, this court would be hard pressed to conclude that this conduct is immoral, unethical, oppressive, or unscrupulous.

*Stonecrafters, Inc.*, 633 F. Supp. 2d at 616-17.

23. Further, it is plausible that the alleged eight faxes could amount to a "substantial injury" to consumers, as each fax could only possibly amount to damages of a few pennies. *See Urban Elevator Serv.*, LLC, 2015 U.S. Dist. LEXIS 149682, at *7-8 ("Forty people receiving a one-page fax does not amount to a 'substantial injury.' Nor is plaintiff entitled to a reading of its allegations so liberal so as to presume a class size large enough to transform an insubstantial injury into a substantial one."); *Stonecrafters, Inc.*, 633 F. Supp. 2d at 617 ("The class would have to consist of 5,000 people before the alleged harm plausibly reaches even $ 100, although there is no indication that the class would be so large."); *Mussat*, 2014 U.S. Dist. LEXIS 98831, at *9-10 ("Even taking Mussat's allegations as true, that the fax was sent to as many as 40 individuals or businesses, the loss is *de minimis*.").

24. "Because two of the three *Robinson* factors cut strongly in [Independent Pharmaceutical]'s favor, its alleged conduct was not 'unfair' under the [ICFA]." *Urban Elevator Serv.*, LLC, 2015 U.S. Dist. LEXIS 149682, at *7-8. Accordingly, the ICFA claim should be dismissed as Plaintiff fails to allege an unfair act or practice and therefore fails to status a claim.

**IV.     Plaintiff's Common Law Claims Should Be Dismissed Under the *De Minimis* Doctrine**

25.     Plaintiff's claims for conversion and trespass to chattels (Counts 3 & 5) should be dismissed pursuant to the *de minimis* doctrine because Plaintiff's alleged damages are insufficient to state a claim. *G. Neil Garrett, D.D.S., P.C. v. New Albertson's, Inc.*, 2014 U.S. Dist. LEXIS 71743, at *13 (N.D. Ill. 2014) (dismissing conversion and trespass to chattel claims based on unsolicited facsimiles asserted as bases for TCPA claims because damages were *de minimis*); *G.M. Sign, Inc. v. Stergo*, 681 F. Supp. 2d 929, 935 (N.D. Ill. 2009) (dismissing conversion claim based on unsolicited fax because damages were *de minimis*) ("[T]he miniscule value of these chattels persuades me that this claim cannot stand. The TCPA provides a cause of action for the grievance alleged in this conversion claim, and Plaintiff has invoked this federal statute accordingly in its first claim."); *Stonecrafters, Inc*, 633 F. Supp. 2d at 613 (dismissing conversion claim based on sending of unsolicited facsimile because damages were *de minimis*) ("As the court stated in *Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc.*, 443 F. Supp. 2d 976 (N.D. Ill. 2006), 'the ancient maxim 'de minimis non curat lex' might well have been coined' for the occasion in which a conversion claim is brought based solely on the loss of paper and toner consumed during the generation of a one-page unsolicited fax advertisement.").

26.     Plaintiff's putative class allegations will not save these claims. The "claim[s] must be sufficient to stand alone and the estimated damages for potential class members cannot be aggregated to assist Plaintiff in sufficiently pleading its claim." *G.M. Sign, Inc.*, 681 F. Supp. 2d at 933 (citing *Stonecrafters*, 633 F.Supp.2d at 614).

**V.     Plaintiff's Claim for Private Nuisance should be Dismissed because Receipt of an Unsolicited Fax Will Not Support a Claim for Private Nuisance under Illinois Law**

27.     "[R]eceipt of an unsolicited fax advertisement does not support a claim for private nuisance in Illinois." *G. Neil Garrett, D.D.S., P.C*, 2014 U.S. Dist. LEXIS 71743, at *14.

> The Illinois Supreme Court defines a private nuisance as "a substantial invasion of another's interest in the use and enjoyment of his or her land." … The invasion must be substantial, either intentional or negligent, and unreasonable. The Court has "repeatedly described a nuisance as 'something that is offensive, physically, to the senses and by such offensiveness makes life uncomfortable.' Typical examples would be smoke, fumes, dust, vibration, or noise produced by defendant on his own land and impairing the use and enjoyment of neighboring land."

*Id.* at *13-14 (quoting *In re Chicago Flood Litig.*, 680 N.E.2d 265, 277 (Ill. 1997)).

28.     Plaintiff's claim for private nuisance should be dismissed because the tort does not apply to interference with personal property, i.e. a fax machine and its paper. *Id.*

29.     Additionally, Plaintiff's claim for private nuisance should be dismissed because it fails to allege a *substantial or unreasonable* invasion of property. As discussed above, the alleged interference and damages to Plaintiff are *de minimis*.

**VI.    Plaintiff fails to Allege an Actionable Fax Under Section 227(b)(1)(C)**

30.     Plaintiff fails to allege that the alleged unsolicited advertisement falls within the scope of prohibited faxes, i.e. that the exceptions do not apply. Section 227(b)(1)(C) of the TCPA provides that the sending of an unsolicited fax is only unlawful in certain circumstances:

> It shall be unlawful . . . to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement *unless* –
>
>> (i) the unsolicited advertisement is from a sender with an established business relationship with the recipient;

> (ii) the sender obtained the number of the telephone facsimile machine through –
>
> > (I) the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement, or
> >
> > (II) a directory, advertisement or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution, . . . and
>
> (iii) the unsolicited advertisement contains a[n opt-out] notice meeting the requirements under paragraph (2)(D). . .

47 USC § 227(b)(1)(C) (emphasis added); *see also* 47 CFR 64.1200(a)(4).

31. Federal regulations define "established business relationship" ("EBR") broadly as follows:

> a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party.

47 C.F.R. § 64.1200(f)(6).

*32.* Subsection (2)(D) of the TCPA requires an "opt-out" notice that "states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful." 47 USC § 227(b)(2)(D); *see also* 47 CFR 64.1200(a)(4)(iii).

*33.* Even if an opt-out notice fails to strictly comply with the requisites of the statute and regulations, substantial compliance may be sufficient. *See Landsman & Funk, P.C. v. Lorman Bus. Ctr., Inc.,* No. 08-cv-481-bbc, 2009 U.S. Dist. LEXIS 18114, at *13, 2009 WL 602019 (W.D. Wis. 2009) (dismissing TCPA claim and holding that opt-out notice was sufficient despite not

specifying that the sender would have 30-days to cease sending faxes upon receipt of an opt-out request) ("The commission's comments make it clear that a proper opt-out notice need not contain any specific wording.").

*34.* Plaintiff's Complaint contains no allegations with respect to the opt-out notices that appear on each of the faxes on which it relies. Dkt. 1-1, Compl. Exs. A-G.

35. Plaintiff has failed to allege facts to establish that the exceptions of Section 227(b)(1)(C) do not apply. Plaintiff fails to properly allege that (a) the parties did not have an established business relationship; (b) that Independent Pharmaceutical failed to obtain the facsimile through the voluntary communication of such number or from a directory through an advertisement or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution; and (c) that the opt-out notice requirements were not substantially satisfied.

36. Instead of alleging relevant facts to support its claim, Plaintiff only conclusorily asserts that it "had no prior relationship with Defendant." Dkt. 1, Compl. ¶ 20. This is not even a recital of the elements of the cause of action, much less a sufficient statement of facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *Concentra Health Servs.*, 496 F.3d at 776; *see also Olson*, 784 F.3d at 1099.

37. If it can assert a claim in good faith, Plaintiff must allege lack of EBR that would bring it within the scope of the statute[1] and further should allege that the provision of its fax number to the Hayes Directories (a directory of independent pharmacies to which its contact information has

---

[1] Although not a necessary consideration to conclude that Plaintiff's pleadings are insufficient, the evidence will establish that Defendant did in fact engage in voluntary oral communications via telephone with Plaintiff's representatives prior to the alleged faxes.

been made available to the public for at least 10 years) does not exclude the faxes from the scope of the statute.[2]

## CONCLUSION AND PRAYER FOR RELIEF

38. In summary, Plaintiff's claims should be dismissed for the following reasons:

— The ICFA claim (Count 2) should be dismissed because the sending of eight allegedly unsolicited faxes does not constitute an "unfair act" under the statute and therefore does not state a claim;

— Plaintiff's common law claims for conversion and trespass to chattel (Counts 3 and 4) should be dismissed as Plaintiff has alleged only *de minimis* harm insufficient to state a proper claim for relief;

— Plaintiff's common law claims for private nuisance (Count 5) should be dismissed because the receipt of an unsolicited fax does not support such a claim under Illinois law and therefore does not state a claim for relief; and

— Plaintiff's TCPA claim (Count 1) should be dismissed because Plaintiff has failed to allege facts to support a plausible claim for relief regarding an alleged unsolicited facsimile within Section 227(b)(1)(C)'s scope.

39. Accordingly, Defendant Independent Pharmaceutical respectfully requests that the Complaint be dismissed and that Defendant have such other and further relief, including costs, to which it might show itself entitled.

Dated:    May 3, 2017

                                                      Respectfully submitted,

                                                      */s/ Isabelle M. Antongiorgi*
                                                      Isabelle Maria Antongiorgi
                                                      (*pro hac vice*)
                                                      TAYLOR DUNHAM AND RODRIGUEZ LLP
                                                      301 Congress Avenue
                                                      Suite 1050

---

[2] Although not a necessary consideration to conclude that Plaintiff's pleadings are insufficient, the evidence will establish that Plaintiff's contact information is made available through a directory containing information for thousands of independent pharmacies across the United States. Plaintiff has not alleged that it did not provide its contact information voluntarily through any such third-party directory. *See* http://www.hayesdir.com/.

Case: 1:17-cv-00188 Document #: 26 Filed: 05/03/17 Page 12 of 13 PageID #:171

Austin, TX 78701
Phone:  512.473.2257
Fax:  512.478.4409
Email:  ima@taylordunham.com

Richard B. Megley, Jr.
Brian E. Haan
LEE SHEIKH MEGLEY & HAAN
111 West Jackson Boulevard, Suite 2230
Chicago, IL 60604
Phone:  312.982.0070
Fax:  312.982.0071
Email:  rmegley@leesheikh.com
  bhaan@leesheikh.com

***Attorneys for Independent Pharmaceutical, LLC***

Independent Pharmaceutical, LLC's Motion to Dismiss                Page 12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 3, 2017 the foregoing:

**INDEPENDENT PHARMACEUTICAL LLC'S MOTION TO DISMISS**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

    Daniel A. Edelman
    Cathleen M. Combs
    James O. Latturner
    Dulijaza Clark
    EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
    20 S. Clark Street, Suite 1500
    Chicago, Illinois 60603
    Phone: (312) 739-4200
    Fax: (312) 419-0379

*Attorneys for Plaintiff, Glen Ellyn Pharmacy, Inc.*

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

                              */s/ Isabelle M. Antongiorgi*
                              ***Attorneys for Defendant***
                              ***Independent Pharmaceutical, LLC***